FILED

JUN 17 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| EUGENE FORD,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>Respondent. | Cause No. CV 19-07-GF-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Eugene Ford's application for writ of habeas corpus under 28 U.S.C. § 2254. Ford is a state prisoner proceeding pro se.

On February 4, 2019, Ford was directed to file an Amended Petition; Ford timely complied. See, (Docs. 3 & 4.)

## I. Procedural History

Ford challenges a conviction for Deliberate Homicide imposed in Montana's Eighth Judicial District, Cascade County, on November 12, 1999. See, Am. Pet. (Doc. 4 at 2.) Ford was found guilty following a jury trial and was sentenced to

1

life without the possibility of parole. *Id.*

Ford filed a direct appeal from the verdict and sentence. *Id.* at 2, ¶8. On appea,l Ford claimed the district court improperly denied his motion to impanel a new jury. Ford asserted the State violated his equal protection rights by improperly exercising peremptory challenges to exclude women from the jury panel. The Montana Supreme Court affirmed the district court and determined Ford's motion was made in an untimely manner during the course of his trial and, therefore, was waived. See, *State v. Ford*, 306 Mont. 517, 39 P. 3d 108 (Mont. 2001).

In 2003, Ford sought postconviction relief (PCR). (Doc. 4 at 3, ¶11.) The state district court summarily denied his petition; Ford appealed. *Id.* at 3, ¶12. In affirming the lower court, the Montana Supreme Court held: (1) Ford was not entitled to appellate review of claims not presented in his PCR petition; (2) Ford was not entitled to review of claims that could have been raised on direct appeal; and, (3) Ford's mere allegations were insufficient to support his claims of ineffective assistance of counsel. See generally, *Ford v. State*, 327 Mont. 378, 114 P. 3d 244 (Mont. 2005).

Additionally, Ford indicated that he filed two petitions for habeas corpus relief with the Montana Supreme Court in 2013 and 2018. (Doc. 4 at 3, ¶14.)

In his present petition, Ford alleges that the life sentence he is serving

2

without the possibility of parole is illegal, because the state district court unlawfully referred to prior convictions to enhance his sentence. (Doc. 4 at 3, ¶15(A)). Ford asks this Court to remand the matter back to the state district court for re-sentencing with a directive to remove the parole restriction. *Id.* at 7, ¶18.

This Court directed Ford to show cause as to why his federal petition should not be dismissed as it was filed more that fifteen years after the statutory filing date. See generally, (Doc. 6.) Ford was directed to the ways in which he might make such a showing. *Id.* at 4. Further, Ford was advised if he did not make the requisite showing, his petition would be recommended for dismissal with prejudice. *Id.* at 5. Ford timely responded. (Docs. 7 & 7-1.)

For the reasons set forth below, Ford's petition should be dismissed as time-barred.

## II. Analysis

In his response, Ford did not argue that this Court erred in the calculation of his federal filing deadlines or that his petition was, in fact, timely. See generally, (Doc. 7); see also, (Doc. 6 at 4.) Likewise, Ford does not seem to argue that he has been pursuing his rights diligently, but an but an extraordinary circumstance stood in his way and prevented him from filing in this Court in a timely manner. See, e.g., *Holland v. Florida*, 560 U.S. 631, 649 (2010); see also, (Doc. 6 at 4). While Ford does indicate he did not receive his complete trial transcripts until some point

3

in 2005, see (Doc. 7 at 8), he provides no explanation of why it then took him more than fourteen years to file a petition for habeas relief in this Court.

Rather, Ford seems to raise new and distinct claims, not presented in his original or amended federal petitions, surrounding pretrial errors of counsel, the state, and the trial court. Specifically, Ford argues (1) the state violated his constitutional rights by collecting evidence prior to a search warrant being issued; (2) the state violated Ford's constitutional rights when it illegally conducted a search and corresponding seizure at Ford's residence pursuant to a search warrant; (3) the state violated Ford's rights when the trial court denied Ford the ability to provide notice of his concerns surrounding the search/seizure issue during a pretrial hearing; and, (4) the state violated Ford's constitutional rights when the trial court allowed the state to file a late motion for rescheduling a hearing on the return of the search warrant. See, (Doc. 7.)

The Court is unclear exactly how Ford believes these new claims establish cause to excuse his untimely filing. To the extent that Ford intends these claims to function as stand-alone habeas claims, they are not cognizable in federal habeas. Generally, claims challenging the legality of search warrants via habeas relief are barred by the Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Court held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted

4

federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. While Ford asserts his disagreement with both trial and appellate counsel electing not to challenge the search warrant and issues that flowed therefrom, he has not demonstrated that he was denied the opportunity to do so. Accordingly, the doctrine of *Stone* precludes this Court's consideration of these claims.

But, Ford did not raise these claims in his petitions; they were presented in response to this Court's order to show cause. Read broadly, perhaps Ford believes these purported pretrial deficiencies may establish his actual innocence and accordingly provide a gateway through which he may escape application of the one-year statute of limitations. See, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Under the *McQuiggin* standard, a petitioner seeking federal habeas relief must establish his factual innocence of the crime and not a mere legal insufficiency. See e.g., *Bousley v. United States*, 523 U.S. 614, 623; *Jaramillo v. Stewart*, 340 F. 3d 877, 882-83 (9th Cir. 2003). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1999); see also, *Lee v. Lampert*, 653 F. 3d 929, 945 (9th Cir. 2011).

While Ford presents disagreement with pretrial events, including the

5

searches and seizures that occurred, he does not provide this Court with any evidence to establish that he is actually innocent of deliberate homicide. Accordingly, without any evidence of innocence, Ford has not made a credible showing of his actual innocence and is not entitled to relief under *McQuiggin*. See, *McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 324 (1999). Thus, the Court can perceive of no legal basis upon which to excuse Ford's untimely filing. The petition should be dismissed.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

6

Ford has not made a substantial showing that he was deprived of a constitutional right. Further, Ford's petition is untimely by more than fifteen years and he has not provided an adequate basis to excuse the late filing. Accordingly, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Amended Petition (Doc. 4) should be **DISMISSED** with prejudice as untimely.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondent.

3. A certificate of appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ford may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ford is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

7

<u>Mr. Ford must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of June, 2019.

                                           */s/ John Johnston*
                                           John Johnston
                                           United States Magistrate Judge