FILED
SEP 27 2019
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| EUGENE FORD<br><br>    Petitioner,<br><br>vs.<br><br>LYNN GUYER,<br><br>    Respondent. | CV 19-07-GF-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Findings and Recommendation on June 17, 2019 recommending that Petitioner Eugene Ford's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 be dismissed as untimely. (Doc. 8 at 7.) Ford timely objected on July 1, 2019 (Doc. 9), and is therefore entitled to de novo review of those findings to which he specifically objected. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings to which no party specifically objects. *Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017) (citation omitted).

Because the parties are familiar with the factual and procedural background detailed in Judge Johnston's Findings and Recommendation and other filings

-1-

before the Court, they will not be restated here.

This Court advised Ford that he could bypass the statute of limitations by demonstrating at least one of the following: (1) that the habeas petition is not, in fact, untimely; (2) that he has been diligently pursuing his rights but was prevented from timely filing by an extraordinary circumstance; or (3) that he has new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond a reasonable doubt. (Doc. 6 at 4.)

In his Notice of Right to Object to Findings (Doc. 9), Ford does not explain why his petition, filed more than fifteen years after the statutory deadline (Doc. 8 at 3), should not be rejected as time-barred. (Doc. 9.) Ford does not assert that his filing was timely or that the Court miscalculated his federal filing deadline. He does not claim that he has been diligently pursuing his rights but that an extraordinary circumstance prevented him from timely filing. Ford does not present new or exonerating evidence.

Instead, he raises constitutional claims concerning ineffective assistance of counsel dating back to his 1999 trial and conviction that were not presented in his original or amended habeas petitions. (Doc. 9 at 2.) Asserting violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights (Doc. 9 at 3), Ford alleges that his court appointed counsel was ineffective and failed to submit briefs to suppress statements and physical evidence or to raise issues related to lack of

discovery. (Doc. 9 at 2.) Nowhere does Ford demonstrate how these issues excuse the untimeliness of his petition. (Doc. 9).

In order to overcome the statute of limitations, Ford is required to convincingly show that he committed no crime. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). He must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1999). Rather than present new reliable evidence proving his innocence, Ford asserts that evidence presented during his trial was illegally obtained. (Doc. 9 at 2, 4.) Ford attempts to excuse this lack of new evidence by asking the Court to remand his case for an evidentiary hearing to prove his innocence. (Doc. 9 at 4–5.)

As explained by Judge Johnston, to the extent that Ford intends to raise these constitutional issues as new, stand-alone habeas claims, he is barred from doing so. (Doc. 8 at 4.) In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. 465, 494 (1976).

Reviewing de novo, the Court agrees that Ford's habeas claim is time

barred. Having reviewed Ford's objections, the Court adopts Judge Johnston's Findings and Recommendation in full.

Additionally, Ford has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A reasonable jurist would not disagree that Ford failed to meet the statute of limitations. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is inappropriate in this case.

Accordingly, IT IS ORDERED that:

(1) Judge Johnston's Findings and Recommendation (Doc. 8) is ADOPTED IN FULL;

(2) Ford's Amended Petition (Doc. 4) is DISMISSED WITH PREJUDICE as untimely;

(3) The Clerk of Court shall enter judgment of DISMISSAL by separate document; and

(4) A certificate of appealability is DENIED.

DATED this 27th day of September, 2019.

Dana L. Christensen, Chief Judge
United States District Court